766 P.2d 1237

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jerry Wayne CAMPBELL, Defendant–Appellant.**

No. 16313.

Supreme Court of Idaho.

Dec. 28, 1988.

BISTLINE, Justice, dissenting.

A defendant cannot be convicted solely upon the uncorroborated testimony of an accomplice. I.C. § 19–2117. The Court of Appeals first sets out the facts pertaining to the aggravated battery charge: Campbell beat the victim Mac Ray Atwood when Atwood came to Campbell's house in the early morning hours. This evidence is solely the testimony of persons who would be Campbell's accomplices. Thus, in order for the evidence to support the conviction for aggravated battery, the record must produce additional evidence to connect the defendant with the commission of the offense. I.C. § 19–2117. The Court of Appeals opinion then concludes: "We believe that [additional] evidence surfaces in conjunction with certain evidence relative to the kidnapping charge." *State v. Campbell,* 114 Idaho 367, 370, 757 P.2d 230, 233 (1988).

The additional evidence, however, never surfaces. The Court of Appeals opinion states:

> For this corroboration we turn to words spoken by Campbell himself. In a conversation with Mrs. Mac Atwood, prior to the discovery of her husband's body by the police, Campbell told Mrs. Atwood that some people called 'the Parker brothers ... had got to him and that we would find him in *the Payette River.*' (Emphasis added.) In another conversation, Campbell spoke with a friend, Glen Bennett, prior to the discovery of Atwood's body. Campbell intimated to Bennett that Atwood had been 'taken to the river.' This particular knowledge of the probable location of the body prior to its discovery together with the condition of the body as described by Dr. Maier's autopsy and the fact that Atwood's hands were tied behind his back could

lead a jury to believe that Campbell was a participant in both the aggravated battery and the kidnapping. The jury was free to conclude that Campbell's disclosures corroborated the testimony of Hemenway and Robertson as to these two charges.

114 Idaho at 370, 757 P.2d at 233 (emphasis in original). This reasoning is flawed. The fact that Atwood's hands were tied behind his back does not establish that Campbell committed the battery: it only shows, at best, that a battery had occurred. Similarly, simply because ribs were broken does not establish that Campbell broke them. Thus, what the Court of Appeals concludes is corroborating evidence is wholly insufficient under I.C. § 19–2117.

Any lawyer who reads opinions from the Court of Appeals is aware that the *vast* majority of their decisions are unanimous. When one judges does dissent, it gives one cause to pause. The persuasive dissent of Judge Burnett in this case is convincing that the petition for review should be granted. In some states a dissent by a judge sitting on a court of appeals panel of three automatically mandates that the case be reviewed by the supreme court. Unfortunately, in Idaho, however, the rule promulgated by this Court requires a majority vote to grant review of any Court of Appeals decision even though one judge thereof has dissented therefrom.

Because the legislature has not provided for automatic review where the Court of Appeals is split 2–1, and because the legislature left to this Court the setting of the procedure for gaining review, here there will be no review of a very important precedent-making opinion of the Court of Appeals, and the two considered votes of Justice Byron J. Johnson and myself are rendered meaningless. When the trial bar has digested the content of the *two* Court of Appeals opinions, *this* may be the case which brings the bar to the conclusion that it must initiate legislation to either altogether do away with the purported right of review or amend the existing statute to provide that two, not three, votes for are needed to obtain review. Three votes *after review,* and due consideration is, of course,

the proper prerequisite for affirming, reversing, or modifying. It must be kept in mind that attorneys are persistently putting considerable time and effort in drafting such petitions and their clients are paying the tab. As I have heard it said with three votes required, the chances of obtaining review are "none or slim, and Slim is out of town."